1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13
14
15
16

TONYA E. MCQUESTION,

              Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

              Defendant.

CASE NO. 14-cv-06007 JRC

ORDER ON PLAINTIFF'S COMPLAINT

17
18
19
20

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 16, 17).

21
22
23
24

      After considering and reviewing the record, the Court concludes that the ALJ erred in failing to include in plaintiff's residual functional capacity ("RFC") finding all of the limitations assessed by plaintiff's mother, Darlene McQuestion and the ALJ failed to

ORDER ON PLAINTIFF'S COMPLAINT - 1

provide a germane reason supported by substantial evidence to discount her testimony. Because the RFC should have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, TONYA E. MCQUESTION, was born in 1983 and was 26 years old on the alleged date of disability onset of July 1, 2009 (*see* AR. 191-93, 194-200). At the time of the hearing, plaintiff was taking some college classes through a grant program (AR. 37-40). Plaintiff has work experience cleaning houses and eBay sales (AR. 46-47). Plaintiff lost her house cleaning accounts because she "was acting really weird" (AR. 47).

According to the ALJ, plaintiff has at least the severe impairments of "marijuana abuse; alcohol abuse; opiate abuse; and bipolar disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 12).

At the time of the hearing, plaintiff was living with her mother (AR. 34).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 56-64, 65-73, 74-83, 84-93, 96-107, 108-19). Plaintiff's requested hearing was held before Administrative Law Judge Paul G. Robeck

("the ALJ") on June 11, 2013 (*see* AR. 31-53). On July 8, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7-25).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. 13, p. 1). Because this Court reverses and remands the case based on issues 3, 4, and 5, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated the lay evidence.**

Plaintiff contends that the ALJ erred by failing to include in the RFC all of the functional limitations opined by plaintiff's mother, Darlene McQuestion (*see* Opening Brief, Dkt. 13, pp. 15-16).

In determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)). An ALJ may disregard opinion evidence provided by other sources such as friends and family members only "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

On September 19, 2011, Ms. McQuestion completed a third-party function report assessing plaintiff's capabilities (*see* AR. 253-60). In her report, Ms. McQuestion stated that plaintiff's impairments limit her ability to work because she is uncomfortable around people and has anxiety attacks (*see* AR. 253). Ms. McQuestion indicated that plaintiff's impairments affect her ability to get along with others, stating that she is very paranoid of people (*see* AR. 258). Specifically, Ms. McQuestion stated that plaintiff has problems getting along with family, friends, neighbors, and others because she does not like to be around crowds and gets anxiety around people (*see id.*). Ms. McQuestion added that plaintiff was previously able to run a business and manage clients but that her impairments prevent her from doing so now (*see* AR. 254). Ms. McQuestion stated that

plaintiff now spends no time with others and has no regular social activities (*see* AR. 257).

The ALJ noted Ms. McQuestion's report and the limitations she identified, and then stated,

> However, she also noted the claimant works around the house, makes crafts, and the claimant helps to care for her mother. I have considered this evidence and give it some weight because it supports the overall record that while the claimant has some mental limitations she is also able to engage in a wide range of activities. This evidence does not support any limitations on functional capacity greater than that accounted for in the residual functional capacity finding.

(AR. 18). The ALJ assessed plaintiff with an RFC that limited plaintiff to "only occasional public contact" and "no working with more than two coworkers at a time" (AR. 14).

The ALJ's finding that the lay witness evidence did not support any greater limitations than those accounted for in the RFC is not supported by substantial evidence. Ms. McQuestion's testimony that plaintiff has problems getting along with others because of her anxiety attacks is not compatible with an RFC that requires plaintiff to be working with coworkers all day. Even inferring that the ALJ was actually discrediting part of Ms. McQuestion's testimony because it was inconsistent with other parts of her testimony, this reason is not supported by substantial evidence. That plaintiff could work around the house, make crafts, and help to care for her mother does not contradict Ms. McQuestion's opinion that plaintiff cannot get along with others in a workplace setting. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

Therefore, the ALJ erred by failing to include in plaintiff's RFC all of the limitations assessed by Ms. McQuestion or to give germane reasons supported by substantial evidence for discrediting the testimony.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout, supra*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly omitted limitations opined by Ms. McQuestion in forming the RFC without providing a germane reason for doing so, and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of

benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 9th day of September, 2015.

_____
J. Richard Creatura
United States Magistrate Judge